IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY ALLEN JENKINS,

    Plaintiff,

v.                                                                                                            Civil No. 3:13-cv-66

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S
MOTION TO PROCEED AS A PAUPER BE DENIED**

On June 11, 2013, Plaintiff filed a complaint against the Commissioner of Social Security under 42 U.S.C. § 405(g), and an Application for Leave to Proceed *in forma pauperis*. Plaintiff's application reveals no income sources of his own, but lists his spouse's monthly income of $1,750.00. The application further reveals that Plaintiff has $500 in a checking account, and owns two vehicles. Plaintiff estimates his total monthly expenses as $1,590.00, and does not expect any changes in circumstances in the next twelve months.

A plaintiff need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Nor should a plaintiff have to enter destitution in order to pay a filing fee. *Id*. The question turns on whether a plaintiff can pay for the costs and "and still be able to provide himself and dependants with the necessities of life." *Id*. Further, in assessing an application to proceed as a pauper, "a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend." *Fridman v.*

*City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978); *see also Assaad-Faltas v. Univ. of S. Car.*, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (finding it proper to consider whether the party claiming indigent status receives financial support from her family).

Here, it appears as though Plaintiff and his family are able to meet their monthly expenditures and still have some discretionary income. Moreover, Plaintiff has enough cash on hand in his joint checking account to pay the filing fee. Finally, in his expenditures Plaintiff claims that he spends $100 per month on recreation and entertainment. Surely he can forego these activities to pay the filing fee. Accordingly, because requiring Plaintiff to pay the filing fee would not require him to choose between this civil action and the necessities of life, the Court **RECOMMENDS** that Plaintiff motion to proceed as a pauper be **DENIED**, and that he be required to pay the $400 filing fee.

The Clerk is directed to transmit a copy of this order to counsel for Plaintiff. Any party may, within fourteen [14] days of receipt of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

DATED: June 13, 2013               /s/ *James E. Seibert*
                                   JAMES E. SEIBERT
                                   UNITED STATES MAGISTRATE JUDGE